UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM PERRY,<br><br>                              Plaintiff,<br><br>-against-<br><br>ADA MARK ANTHONY MONACO; DA ALVIN BRAGG; HON. RUTH PICKHOLZ; HON. CURTIS FARBER; ADA LISA DEL PIZO; ADA STUART SILBERG; ADA ERIN TIERNEY; ADA SHIRA ARNOW; ADA ALEXANDRA WYNNE; OFFICER THOMAS MULLINS; OFFICER DONYA BARDLIVING,<br><br>                              Defendants. | 24-CV-8736 (LJL)<br><br>ORDER OF SERVICE |

LEWIS J. LIMAN, United States District Judge:

Plaintiff, an attorney who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated December 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Dkt. No. 5.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

The Court is generally obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations omitted). Because Plaintiff is an attorney, however, he is not entitled to the solicitude generally given to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.").

## DISCUSSION

### A. Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id*. (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action "outside" their judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9–10; *see also Bliven*, 579 F.3d at 209–10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Moreover, 42 U.S.C. 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Rather, where an appeal is available, declaratory relief also is available. *See, e.g.*, *Thompson v. Greico*, 2024 WL 4635497, at *2 (S.D.N.Y. Oct. 28, 2024)

2

("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." (citation omitted)).

Plaintiff does not allege that Judge Pickholz or Judge Farber acted absent jurisdiction or outside the bounds of their judicial authority. *See Mireles*, 509 U.S. at 11-12; *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 712–13 (S.D.N.Y. 2011) (holding that state a court judge's issuance of a protective order was " clearly a judicial function" and protected by judicial immunity); *Tota v. Ward*, 2008 WL 619163, at *3 (W.D.N.Y. Mar. 3, 2008) ("There is no dispute that [the defendant judge] had jurisdiction to issue an Order of Protection. The dispute is whether he did so properly. But whether he did or did not, [the judge] is nonetheless protected from suit by the doctrine of judicial immunity.").

Because Plaintiff sues the named judges for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, Plaintiff alleges no facts suggesting that a declaratory decree was violated, declaratory relief was unavailable, or that an appeal was unavailable. *See Thompson*, 2024 WL 4635497, at *2.

The Court therefore dismisses Plaintiff's claims against the named judges under the doctrine of judicial immunity, because he seeks monetary relief against Defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, such claims are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**B.     Motion for Class Certification**

Plaintiff seeks class action certification under Fed. R. Civ. P. 23. As Plaintiff is aware, in this Circuit, a *pro se* plaintiff who is an attorney may not bring an action in which he will serve

3

as both class representative and class counsel. *Rodriguez v. Eastman Kodak Co.,* 88 F. App'x 470, 471 (2d Cir. 2004) (citing *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998)); *see also Williams v. Citibank,* 565 F. Supp.2d 523, 525 n.4 (S.D.N.Y. 2008) (interpreting *pro se* plaintiff's complaint as asserting only causes of action on his own behalf in light of the prohibition on *pro se* plaintiffs representing the interests of third parties); 5 James Wm. Moore *et al.*, Moore's Federal Practice § 23.25 (3d ed. 2010) ("[A] *pro se* class representative cannot adequately represent the interests of other class members. Moreover . . . an attorney may not bring a class action *pro se* because too close a relationship between the class representative and class counsel is a disqualifying conflict of interest.").

The complaint contains conflicting statements about whether Plaintiff has already secured counsel for the proposed class. *Compare* Dkt. No. 1 ¶ 20(d) (stating that the class has "retained competent counsel to represent [it] in this matter") *with id.* ¶ 164 (stating that "[u]pon certification" Plaintiff "will acquire litigation funding to secure adequate counsel"). Because Plaintiff is proceeding *pro se*, however, the Court cannot certify the proposed class, and denies the motion at this stage without prejudice.

C.     **Motion for Attorney's Fees**

Plaintiff seeks attorney fees. *Id.* ¶ 169. However, *pro se* plaintiffs, including attorneys acting *pro se*, are not eligible for attorney's fees under 42 U.S.C. § 1988. *See Kay v. Ehrler*, 499 U.S. 432, 437–38 (1991). The Court therefore denies that application.

D.     **Motion for Expedited Discovery and Issuance of Summonses**

Plaintiff has requested expedited discovery and the issuance of summonses.[1] Dkt. Nos. 10, 11. Discovery generally does not begin until the defendants are served and have filed a responsive pleading. *See Jones v. Bank of N.Y. Mellon Tr. Co.*, 2023 WL 11806525, at *1 (S.D.N.Y. June 6, 2023) (quoting *Vance v. State of N.Y. Dep't of Corr.*, 2018 WL 6047828, at *12 (N.D.N.Y. Nov. 19, 2018)).

Because this matter is still in its initial stage of litigation, and not in the discovery stage of litigation, Plaintiff's motion is premature, and the Court denies it without prejudice. Because the Court is ordering service, the request for summonses is denied as unnecessary.

E.     **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants New York County District Attorney Alvin Bragg; New York County Assistant District Attorneys Mark Anthony Monaco, Lisa Del Pizo, Stuart Silberg, Erin Tierney, Shira Arnow, and Alexandra Wynne; and New York County District Attorney Officers Thomas Mullins and Donya Bardliving through the U.S. Marshals

---

[1] Before this matter was reassigned to this Court's docket, it was undergoing the screening process mandated by 28 U.S.C. § 1915(e)(2)(B), which applies to all actions filed IFP.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Service, the Clerk of Court is respectfully directed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further directed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Judge Ruth Pickholz and Judge Curtis Farber. 28 U.S.C. § 1915(e)(2)(B)(i), (iii). The motions for class certification, attorneys' fees, and expedited discovery are denied for the reasons set forth in this order. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 10.

The Clerk of Court is respectfully directed to issue a summons for Defendants New York County District Attorney Alvin Bragg; New York County Assistant District Attorneys Mark Anthony Monaco, Lisa Del Pizo, Stuart Silberg, Erin Tierney, Shira Arnow, and Alexandra Wynne; and New York County District Attorney Officers Thomas Mullins and Donya Bardliving. The Clerk of Court is further directed to complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is respectfully directed to mail an information package to Plaintiff.

Plaintiff may consent to receive all court documents electronically. The consent to electronic service form and instructions on the email service are both available on the Court's website at nysd.https://nysd.uscourts.gov/uscourts.gov.

SO ORDERED.

Dated:  February 10, 2025
        New York, New York

                                                    LEWIS J. LIMAN
                                                    United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. New York County District Attorney Alvin Bragg
   One Hogan Place
   New York, N.Y. 10013

2. New York County Assistant District Attorney Mark Anthony Monaco
   One Hogan Place
   New York, N.Y. 10013

3. New York County Assistant District Attorney Lisa Del Pizo
   One Hogan Place
   New York, N.Y. 10013

4. New York County Assistant District Attorney Stuart Silberg
   One Hogan Place
   New York, N.Y. 10013

5. New York County Assistant District Attorney Erin Tierney
   One Hogan Place
   New York, N.Y. 10013

6. New York County Assistant District Attorney Shira Arnow
   One Hogan Place
   New York, N.Y. 10013

7. New York County Assistant District Attorney Alexandra Wynne
   One Hogan Place
   New York, N.Y. 10013

8. New York County District Attorney Officer Thomas Mullins
   One Hogan Place
   New York, N.Y. 10013

9. New York County District Attorney Officer Donya Bardliving
   One Hogan Place
   New York, N.Y. 10013