UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _2/20/2025__
```

WILLIAM PERRY,

                          Plaintiff,

              -against-

ADA MARK ANTHONY MONACO; DA
ALVIN BRAGG; ADA LISA DEL PIZO; ADA
STUART SILBERG; ADA ERIN TIERNEY;
ADA SHIRA ARNOW; ADA ALEXANDRA
WYNNE; OFFICER THOMAS MULLINS;
OFFICER DONYA BARDLIVING,

                          Defendants.

24-CV-8736 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

On January 17, 2025, *pro se* Plaintiff William Perry ("Perry"  or "Plaintiff") filed an

application for a temporary restraining order ("TRO") enjoining Defendants from relying in any

civil proceeding upon the findings of fact in New York State Indictment No. 01389/21.  Dkt.

No. 8.  On February 18, 2025, the Court received an *ex parte* communication from Plaintiff

asking the Court to treat Plaintiff's TRO application as a request for emergency relief in light of

his imminent incarceration.

Plaintiff's TRO application is procedurally deficient.  Federal Rule of Civil Procedure 65

states:

> The court may issue a temporary restraining order without written or oral notice
> to the adverse party or its attorney only if
>
> (A) specific facts in an affidavit or a verified complaint clearly show that
> immediate and irreparable injury, loss, or damage will result to the movant before
> the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and
> the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Plaintiff has not certified that he has made any effort to give written or oral notice to Defendants or provided any explanation as to the reasons why it should not be required.  "Even though *pro se* litigants are generally offered wider latitude than those represented by an attorney, they are still required to follow the Federal Rules of Civil Procedure."  *Parker v. DeBuono*, 2000 WL 223841, at *1 (S.D.N.Y. Feb. 25, 2000) (citation omitted), *aff'd sub nom. Parker v. Com'r DeBuono*, 242 F.3d 366 (2d Cir. 2000); *accord King v. White*, 2020 WL 8464423, at *2 (S.D.N.Y. July 23, 2020) (Nathan, J.); *Wilson v. Suffolk Cnty. Dist. Att'y*, 2021 WL 4311155, at *1–2 (E.D.N.Y. Sept. 22, 2021).

Plaintiff's TRO application is denied for failure to comply with Rule 65's strict requirements.  *See King*, 2020 WL 8464423, at *2.  Plaintiff's motion for an order to show cause, Dkt. No. 8, is denied without prejudice.


SO ORDERED.

Dated:    February 20, 2025
          New York, New York

                                            _____
                                            LEWIS J. LIMAN
                                            United States District Judge