

(Rev. 7.31.2020)

**ATTORNEY GRIEVANCE COMMITTEE**
Supreme Court, Appellate Division
First Judicial Department
180 Maiden Lane, 17th Floor
New York, New York 10038
(212) 401-0800

**JORGE DOPICO**
**Chief Attorney**

Email Complaint and Attachments to: AD1-AGC-newcomplaints@nycourts.gov. In addition, please send **one copy** of your complaint and attachments **by regular mail** to the above address. (If you do not have a personal email account, please send two (2) complete sets of your complaint and all attachments. There may be a delay in processing your matter if it is not emailed. Please **do not** include any original documents because we are unable to return them.)

**Background Information**

Today's Date: 07/24/2021

Your Full Name: (Mr. Ms. Mrs.) [redacted]

Address: [redacted]

City: Brooklyn State: NY Zip Code: 11249

Cell Phone: [redacted] Business/Home Phone: ______

Email Address: [redacted]

Are you represented by a lawyer regarding this complaint? Yes ☐ No ☑ If Yes:

Lawyer's Name: ______

Address: ______

City: ______ State: ______ Zip Code: ______

Business Phone: ______ Cell Phone: ______

**Attorney Information**

Full Name of Attorney Complained of: (Mr. Ms. Mrs.) Ms Alex Guiterman W.

Address: Manhattan DAs office One Hogan Place

City: New York State: NY Zip Code: 10013

Business Phone: 212 335 9000 Cell Phone: ______

Email Address: ______

Exhibit A

Date(s) of Representation/Incident: 07/24/2021

Have you filed a civil or criminal complaint against this attorney? Yes ☐ No ☑ If Yes:

If yes, name of case (if applicable): ____

Name of Court: ____

Index Number of Case (if known): ____

Have you filed a complaint concerning this matter with another Grievance Committee, Bar Association, District Attorney's Office, or any other agency? Yes ☐ No ☑

If yes, name of agency: ____

Action taken by agency, if any: ____

**Details of Complaint**

Please describe the alleged misconduct in as much detail as possible including what happened, where and when, the names of any witnesses, what was said, and in what tone of voice, etc. Use additional sheets if necessary.

To whom it may concern,

My name is [redacted] who works and lives in New York since [redacted] I am reaching out to you today because I do believe I am witnessing an injustice and a flaw in the US legislative system. Recent history shows how much raising your voice is important to stop any type of discrimination. (remaining part of the complaint is attached and signed in another document because I was not able to add another page)

Complainant's Signature (Requi[redacted] ____

Exhibit A

Brooklyn, July 24th 2021

To who it may concern,

My name is [redacted] who works and lives in New York since [redacted]

I am reaching out to you today because I do believe I am witnessing an injustice and a flaw in the US legislative system. Recent history shows how much raising your voice is important to stop any type of discrimination, therefore that's the reason why I am asking if you could look at the following case.

The case is on-going and involves William Perry and Hannah Putnam through the attorney Alex Guiterman W. working at the Manhattan DA's office. William Perry is one of the best and kind person I ever met and he finds himself in a case which according to me does not make any sense as it is based on outrageous lies and false accusations from Hannah Putnam. Messages, videos and other evidences clearly show the misconduct of Miss Putnam, American white woman, against Mister Perry, American black man. I am really concerned that Mister Perry is another victim of racism and discrimination while the police never listen to him before the case started when he called for help when Miss Putnam was being abusive with him. Alex Guiterman W. seems to know that Miss Putnam was lying, but ignored the lies and still accused Mister Perry.

The case is obviously more complex than that, I do not have much more details in terms of date and I am not a lawyer in any case, but I feel powerless in front of an extremely unfair situation. The case may deserve a professional look so I am genuinely asking if you could consider my request. I am available anytime to speak more about it and ready to engage any procedure or reach out to any organization that may be able to help.

Hopping that you will be able to consider my request. Kind regards,



Exhibit B

ATTORNEY GRIEVANCE COMMITTEE
STATE OF NEW YORK
SUPREME COURT APPELLATE DIVISION
180 MAIDEN LANE - 17TH FLOOR
NEW YORK, NEW YORK 10038
(212) 401-0800
EMAIL: AD1-AGC@NYCOURTS.GOV

ROBERT J. ANELLO
ABIGAIL T. REARDON
CHAIRS

RICARDO E. OQUENDO
MILTON L. WILLIAMS, JR.
VICE CHAIRS

JORGE DOPICO
CHIEF ATTORNEY

DEPUTY CHIEF ATTORNEY
ANGELA CHRISTMAS
NAOMI F. GOLDSTEIN
VITALY LIPKANSKY
RAYMOND VALLEJO

STAFF ATTORNEYS
DANIEL D. BAEK
SEAN A. BRANDVEEN
KEVIN P. CULLEY
KEVIN M. DOYLE
PETER M. HERTZOG
KELLY A. LATHAM
JUN H. LEE
THOMAS M. LEE
NORMA I. LOPEZ
NORMA I. MELENDEZ
ELISABETH A. PALLADINO
KATHY W. PARRINO
ORLANDO REYES
YVETTE A. ROSARIO
REMI E. SHEA
DENICE M. SZEKELY

October 20, 2021

PERSONAL AND CONFIDENTIAL

*Sent By Email Only*

Re: Matter of Alex R. Wynne, Esq.
Docket No. 2021.1465

Dear Ms. [redacted]

We have completed our review of your complaint against the District Attorney and/or Assistant District Attorney. As explained below, we have concluded that no further investigation or action is warranted.

Specifically, the Committee is not the appropriate forum for the resolution of landlord-tenant disputes such as allegations of rent arrears. The Committee is also not the proper government body, in the first instance, to address allegations of criminal acts such as an attempted assault. As to the rent arrears issue, you may wish to consult an attorney as to the rights and remedies that you may have. As to the alleged attempted assault, you may wish to further contact the police.

You may seek review of this decision by submitting a written request for reconsideration to this office addressed to "Committee Chair" at the above **email** address within thirty (30) days of the date on this letter. One of the Committee Chairs will grant or deny your request; or, refer your request to one of the Committees, or a subcommittee thereof, for

whatever action it deems appropriate. We will accept regular mail if you do not have a personal email account, but there may be a delay in processing your matter.

Thank you.

Yours truly,

Jorge Dopico
Chief Attorney

VL:cmn
D-1DA

Exhibit C

**From:** wdperry@gmail.com
**To:** lesadler@aol.com
**Cc:** "Raymond Vallejo"
**Subject:** RE: [PERSONAL & CONFIDENTIAL] ORDER 11/1/23
**Date:** Friday, December 15, 2023 4:08:41 PM

---

Hello Judge Adler,

It appears Mr. Vallejo and I are at an impasse regarding the admission of evidence. I wanted to raise the issue sooner than later to allow maximum time to resolve this issue before our hearing January 29, 2023.

May we grab time on your calendar next week for a call? It may be worth appearing in formal chambers (if your calendar permits).

As Your Honor is aware from my response affirmation, the nature of my case concerns public discussion of racism, and accusations of wrong-doing of members of the district attorney's office. Given the large public commentary, of which is the central of the grievance committee's case, I believe it imperative to maintain the integrity of court that these proceedings be recorded, and live streamed on YouTube.com, for public viewing. 22 NYCRR 29.1, allows for this with permission of the Chief Judge of the Court of Appeals or the presiding justice of an Appellate Division.

I am willing to waive ALL public confidentially to preserve the integrity of the Court. Would Your Honor entertain a preliminary motion on this matter? *Sun Light is the best disinfectant*.

Lastly, Mr. Vallejo and I had a Microsoft Teams call today. Mr. Vallejo ended the call abruptly over a concern he was being recorded. I have no idea what he is concerned about people discovering. I do believe having additional proceedings on the record would alleviate this concern.

Best,
Will

**William D. Perry, *Esq*.**
New York University School of Law, 2012
University of Florida, BSBA 2009
954.802.1334
wdperry@gmail.com

---

**From:** William Perry <wdperry@gmail.com>
**Sent:** Monday, November 27, 2023 3:31 PM
**To:** Raymond Vallejo <rvallejo@nycourts.gov>
**Cc:** lesadler@aol.com
**Subject:** Re: [PERSONAL & CONFIDENTIAL] ORDER 11/1/23

Judge Adler,



**From:** Raymond Vallejo
**To:** William Perry
**Subject:** Matter of William Perry
**Date:** Friday, December 15, 2023 3:34:34 PM

---

Mr. Perry :

In response to your email of December 8, 2023, the Committee would oppose your video-recording or live-streaming on YouTube, or anywhere else, the upcoming hearing scheduled for January 31, 2024 before Judge Adler.
I direct your attention to 22 NYCRR 29.1 and Schorr v. Dopico, 666 Fed. Appx. 34; 2017 U.S. App. LEXIS 5943; 2017 WL 1279175, decided by the U.S. Court of Appeals for the Second Circuit on April 6, 2017.

As I stated, I would also oppose the admittance into evidence the letter from Jorge Dopico you referenced regarding a matter unrelated to your disciplinary matter as irrelevant to the upcoming hearing and contrary to Judiciary Law §90(10).

To the extent you wish to offer into evidence any videos or photographs of any third parties, I would condition my non-opposition to an agreement to request to the Appellate Division that they be sealed to protect the privacy and confidentiality of third parties.

Other than the exhibits included in your prior motion, please send to me what other exhibits you propose offering into evidence and I will let you if I have any objection to them.

I will also let you know what exhibits I intend to offer into evidence.

Regards,

**RAYMOND VALLEJO**
Deputy Chief Attorney
Attorney Grievance Committee
Supreme Court, Appellate Division
First Judicial Department
180 Maiden Lane, 17th Floor
New York, New York 10038
Main: (212) 401-0800
rvallejo@nycourts.gov

PLEASE NOTE: Pursuant to Judiciary Law Section 90(10), the information contained in this e-mail is PRIVATE AND CONFIDENTIAL and is intended only for the use of the addressee(s) above and others who have been specifically authorized to receive such. If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is

Exhibit D

strictly prohibited by law.  If you have received this communication in error, or if any problems occur with this e-mail, please notify us immediately by telephone at (212) 401-0800.  Thank you



**From:** Raymond Vallejo
**To:** lesadler@aol.com; wdperry@gmail.com
**Subject:** RE: [PERSONAL & CONFIDENTIAL] ORDER 11/1/23
**Date:** Monday, December 18, 2023 12:50:39 PM

---

Dear Judge Adler :

As previously discussed, the **only** issue before Your Honor is the sanction to recommend to the Appellate Division in connection with Mr. Perry's convictions of Criminal Contempt in the Second Degree, Stalking in the Fourth Degree and Harassment in the First Degree. Although Mr. Perry is certainly entitled to present evidence in mitigation at the hearing, certain of his proposed exhibits are either: 1) irrelevant to the issue before Your Honor; 2) include document(s) which are confidential and protected under Judiciary Law §90(10) since they are part of an unrelated and closed disciplinary matter involving another attorney where Mr. Perry was not the complainant and which is not a matter of public record; and, 3) include videos and photos of third parties of a sensitive and personal nature which I submit are irrelevant to this hearing. If these videos are admitted into evidence at the hearing, I would simply request that a recommendation be made by Mr. Perry, myself and Your Honor that once this matter reaches the Appellate Division, that they be ordered sealed in order to protect the privacy and confidentiality of any third parties whom they depict. There is precedent for such an application for the sealing of such sensitive material.

Further, as I informed Mr. Perry, the Committee would strenuously oppose any application on his part to live-stream on YouTube the upcoming hearing.

I am available for a telephonic call anytime, except Wednesday after 1:00 p.m.

Thank you.

**RAYMOND VALLEJO**
Deputy Chief Attorney
Attorney Grievance Committee
Supreme Court, Appellate Division
First Judicial Department
180 Maiden Lane, 17th Floor
New York, New York 10038
Main: (212) 401-0800
rvallejo@nycourts.gov

PLEASE NOTE: Pursuant to Judiciary Law Section 90(10), the information contained in this e-mail is PRIVATE AND CONFIDENTIAL and is intended only for the use of the addressee(s) above and others who have been specifically authorized to receive such. If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited by law. If you have received this communication in error, or if any problems occur with this e-mail, please notify us immediately by telephone at (212) 401-0800. Thank you

---

Exhibit E

# Supreme Court of the State of New York
# Appellate Division, First Judicial Department

Present – Hon. Cynthia S. Kern, Justice Presiding,
Peter H. Moulton
Barbara R. Kapnick
Bahaati E. Pitt-Burke
Kelly O'Neill Levy, Justices.

---

In the Matter of William D. Perry (admitted as William David Perry), an attorney and counselor-at-law:

Attorney Grievance Committee for the First Judicial Department,
Petitioner,

William D. Perry,
(OCA Atty. Reg. No. 5141437),
Respondent.

Motion No. 2024-02384
Case No. 2023-02705

**UNPUBLISHED ORDER CONFIDENTIAL**

---

An unpublished order of this Court having been entered on November 1, 2023, deeming the offenses of which respondent (who was admitted to practice as an attorney and counselor-at-law in the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 16, 2013) has been found guilty to constitute a "serious crime" within the meaning of Judiciary Law § 90(4)(d), and directing respondent to show cause at a hearing before a referee why a final order of censure, suspension or disbarment should not be made under Judiciary Law § 90(4)(g) (Motion No. 2023-02404),

And respondent, pro se, having moved this Court on May 28, 2024, for an order staying the aforesaid hearing,

And the Attorney Grievance Committee, by Jorge Dopico, its Chief Attorney (Raymond Vallejo, of counsel), having submitted affirmations in opposition dated May 17, 2024, and May 20, 2024,

And respondent having submitted a reply affirmation dated May 28, 2024,

Now, upon reading and filing the papers with respect to the motion, and due deliberation having been had thereon, it is unanimously,




Ordered that respondent's motion is denied, and the parties are directed to proceed with the hearing previously ordered by this Court in the unpublished order entered on November 1, 2023.

Entered: June 28, 2024

Susanna Molina Rojas
Clerk of the Court

Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : FIRST JUDICIAL DEPARTMENT

---------------------------------------------X

In the Matter of William David Perry,
an attorney and counselor-at-law:

Attorney Grievance Committee
for the First Judicial Department,

Petitioner,

William David Perry,
(OCA Atty. Reg. No.: 5141437),

Respondent.

---------------------------------------------X

NOTICE OF ENTRY

Motion No.: 2024-04582
Case No.: 2023-02705

S I R S:

PLEASE TAKE NOTICE that the within is a certified copy of an order duly made in this proceeding and duly entered and filed in the office of the Clerk of the Supreme Court of the State of New York, Appellate Division, First Department, on the 10th day of February, 2025.

Dated: NEW YORK, NEW YORK
February 11, 2025

Yours etc.,

JORGE DOPICO
Chief Attorney
Attorney for Petitioner
Attorney Grievance
Committee for the First
Judicial Department
180 Maiden Lane - 17th Floor
New York New York 10038
(212) 401-0800

RAYMOND VALLEJO
Of Counsel

TO: William D. Perry
wdperry@gmail.com
Sent Via Email Only
Respondent *Pro Se*

Exhibit F

# Supreme Court of the State of New York
# Appellate Division, First Judicial Department

Present – Hon. Cynthia S. Kern, Justice Presiding,
Peter H. Moulton
Barbara R. Kapnick
Bahaati E. Pitt-Burke
Kelly A. O'Neill Levy, Justices.

---

In the Matter of William David Perry
an attorney and counselor-at-law:

Attorney Grievance Committee
for the First Judicial Department,
Petitioner,

William David Perry
(OCA Atty. Reg. No. 5141437),
Respondent.

Motion No. 2024-04582
Case No. 2023-02705

**UNPUBLISHED ORDER CONFIDENTIAL**

---

An unpublished order of this Court, having been entered on November 1, 2023 (Motion No. 2023-02404), deeming the crimes of which respondent (who was admitted to practice as an attorney and counselor-at-law in the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 16, 2013) was convicted to be “serious crimes” within the meaning of Judiciary Law § 90(4)(d), and appointing Lester Adler, Esq. as referee to conduct a sanction hearing and issue a report and recommendation as to whether a final order of censure, suspension, or disbarment should be made,

And by unpublished order of this Court, entered June 28, 2024 (Motion No. 2024-02384), denying respondent’s motion for a stay and directing the parties to proceed with the sanction hearing as previously ordered by the Court in its November 1, 2023 unpublished order,

And by unpublished order of this Court, entered September 4, 2024 (Motion No. 2024-03321, Motion No. 2024-03953), denying respondent’s motion for reargument and for leave to appeal in its entirety and directing the parties to proceed with the sanction hearing previously ordered by the Court in its November 1, 2023 and June 28, 2024 unpublished orders, and also denying respondent’s motion for a waiver of costs, fees and expenses, with leave to renew,

Exhibit F

And, respondent, pro se, having again moved this Court on September 16, 2024, for a stay of this "serious crime" proceeding pending the Court's determination of his appeal of his conviction,

And the Attorney Grievance Committee, by Jorge Dopico, Esq., its Chief Attorney (Raymond Vallejo, of counsel) having submitted an affirmation in opposition to the motion,

Now, upon reading and filing the papers with respect to the motion, and due deliberation having been had thereon, it is unanimously,

Ordered that the motion is denied.

Entered: February 10, 2025

Susanna Molina Rojas
Clerk of the Court

Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : FIRST JUDICIAL DEPARTMENT

In the Matter of William David Perry,
an attorney and counselor-at-law:

Attorney Grievance Committee
for the First Judicial Department,

Petitioner,

William David Perry,
(OCA Atty. Reg. No.: 5141437),

Respondent.

**NOTICE OF ENTRY**

**JORGE DOPICO**
Chief Attorney
Attorney for Petitioner

ATTORNEY GRIEVANCE COMMITTEE
180 Maiden Lane - 17th Floor
New York, New York 10038
(212) 401-0800

**RAYMOND VALLEJO**
Of Counsel

Exhibit G

# Supreme Court of the State of New York
## Appellate Division, First Judicial Department

Present – Hon. Cynthia S. Kern, Justice Presiding,
Peter H. Moulton
Barbara R. Kapnick
Bahaati E. Pitt-Burke
Kelly O'Neill Levy, Justices.

---

In the Matter of William D. Perry (admitted as William David Perry), an attorney and counselor-at-law:

Attorney Grievance Committee for the First Judicial Department,
Petitioner,

William D. Perry
(OCA Atty. Reg. No. 5141437),
Respondent.

Motion Nos. 2024-03321
2024-03953
Case No. 2023-02705

**UNPUBLISHED ORDER CONFIDENTIAL**

---

An unpublished order of this Court having been entered on November 1, 2023 (Motion No. 2023-02404), deeming the crime of which respondent (who was admitted to the practice of law in the State of New York by The First Judicial Department on September 16, 2013) was convicted to be a "serious crime" within the meaning of Judiciary Law § 90(4)(g), and directing respondent to show cause before a referee as to why a final order of censure, suspension, or disbarment should not be made,

And an unpublished order having been entered on June 28, 2024 (Motion No. 2024-02384), denying respondent's motion for a stay of the aforesaid hearing, and directing the parties to proceed with the sanction hearing as previously ordered,

And respondent, pro se, having moved this Court on July 22, 2024, for reargument of the aforesaid unpublished orders of this Court entered on November 1, 2023, and June 28, 2024, and for leave to appeal to the Court of Appeals (Motion No. 2024-03321),

And respondent, pro se, having separately moved this Court on August 12, 2024, for an order pursuant to CPLR 1101 and 1102 granting leave to proceed as a poor person, including obtaining a free copy of the transcript from the referee hearing and related relief (Motion No. 2024-03935),

And the Attorney Grievance Committee for the First Judicial Department, by Jorge Dopico, its Chief Attorney (Raymond Vallejo, of counsel), having submitted an affirmation in opposition to the reargument motion, dated July 16, 2024,

And the Attorney Grievance Committee for the First Judicial Department, by Jorge Dopico, its Chief Attorney (Raymond Vallejo, of counsel), having submitted an affirmation in opposition to the motion for poor person relief, dated August 9, 2024

Now, upon reading and filing the papers with respect to the motion, and due deliberation having been had thereon, it is unanimously,

Ordered that respondent's motion for reargument and for leave to appeal is denied in its entirety, and the parties are directed to proceed with the sanction hearing previously ordered by the Court in its unpublished orders entered on November 1, 2023, and June 28, 2024 (Motion No. 2024-03321), and

It is further ordered that respondent's motion for poor person relief is denied, with leave to renew upon defendant's submission of a notarized affidavit, pursuant to CPLR 1101, setting forth facts sufficient to establish that respondent has no funds or assets with which to participate in this proceeding, including the amount and sources of his income, and, to the extent that respondent was represented earlier in this proceeding by retained counsel, why the funds used to retain such counsel are no longer available to respondent to support his participation in this proceeding (Motion No. 2024-03953).

Entered:  September 4, 2024

Susanna Molina Rojas
Clerk of the Court

Exhibit H

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : FIRST JUDICIAL DEPARTMENT
---------------------------------------------------------------------------X

In the Matter of William D. Perry,
(admitted as William David Perry),
an attorney and counselor-at-law:

Attorney Grievance Committee
for the First Judicial Department,

NOTICE OF MOTION
TO CONFIRM

Petitioner,

William D. Perry,
(OCA Atty Reg. No. 5141437),

Respondent.

---------------------------------------------------------------------------X

PLEASE TAKE NOTICE that upon the annexed affirmation of Raymond Vallejo, Esq., dated January 21, 2025, of counsel to Jorge Dopico, Chief Attorney to the Attorney Grievance Committee for the First Judicial Department (Committee), and the exhibits annexed hereto, petitioner will move this Court at the Appellate Division Courthouse, 27 Madison Avenue, New York, New York 10010, on the 24th day of February, 2025 at 10:00 a.m., or as soon thereafter as counsel can be heard, for an order, pursuant to 22 NYCRR §§603.8-a(t)(4) and

Exhibit H

1240.8(b)(1), confirming the Referee's Report and Recommendation, and granting such other and further relief as this Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE that service of copies of papers in opposition to this motion should be made upon the undersigned via both hard copy and email at rvallejo@nycourts.gov not less than seven (7) days before the return date herein and shall be filed with the Clerk of the Court via both hard copy and electronically through the Digital Submission Portal in the New York State Courts Electronic Filing System (NYSCEF).

Dated : New York, New York
January 21, 2025

Respectfully,

JORGE DOPICO
Chief Attorney
Attorney Grievance
Committee for the First
Judicial Department
180 Maiden Lane, 17th Floor
New York, New York 10038
(212) 401-0800

RAYMOND VALLEJO
Of Counsel

TO : William D. Perry (Respondent *pro se*)
210 East 36th Street, Apt. 10-A
New York, New York 10016
wdperry@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : FIRST JUDICIAL DEPARTMENT
---------------------------------------------------------------------------X

In the Matter of William D. Perry,
(admitted as William David Perry),
an attorney and counselor-at-law:

Attorney Grievance Committee
for the First Judicial Department,

Petitioner,

AFFIRMATION
IN SUPPORT

William D. Perry,
(OCA Atty Reg. No. 5141437),

Respondent.

---------------------------------------------------------------------------X

RAYMOND VALLEJO, an attorney duly admitted to practice in the State of New York, affirms the following under penalty of perjury:

1. I am a Deputy Chief Attorney in the Office of Jorge Dopico, Chief Attorney to the respondent, the Attorney Grievance Committee for the First Judicial Department (Committee) as designated pursuant to 22 NYCRR 603.4(a) and 1240.4, the petitioner herein and am fully familiar with the facts and circumstances of this matter.

2. Pursuant to 22 NYCRR §§603.8-a(t)(4) and 1240.8(a)(1), this affirmation is respectfully submitted in support of the Committee's motion to confirm the Report and Recommendation (Report) of Referee Hon. Lester Adler

Exhibit H

(Ret.), dated January 8, 2025, which recommended that William D. Perry (respondent) be suspended from the practice of law for a period of six months. (A copy of the Referee's Report is annexed as Exhibit A)

3. Respondent was admitted to practice as an attorney and counselor-at-law in the courts of the State of New York on September 16, 2013 by the Appellate Division, First Judicial Department. At all times relevant to these charges, respondent maintained an office for the practice of law in the First Judicial Department at 210 East 36th Street, New York 10016.

Respondent's Criminal Conviction

4. Respondent was charged, in an Indictment filed in the Supreme Court of the State of New York, County of New York, with: Criminal Contempt in the Third Degree (2 counts); Stalking in the Fourth Degree (3 counts); and, Harassment in the First Degree, in violation of, respectively, Penal Law §215.51(b)(ii); §120.45(1); and, §240.25.

5. On September 22, 2022, following a trial by jury, respondent was found guilty of Criminal Contempt in the Second Degree, a class "A" misdemeanor, Stalking in the Fourth Degree, a class "B" misdemeanor, and Harassment in the First Degree, a class "B" misdemeanor. Respondent was acquitted of the top two counts of Criminal Contempt in the First Degree.

Exhibit H

6. On April 24, 2023, respondent was sentenced to a term of probation of three years for the class "A" misdemeanors and a term of one year probation for the class "B" misdemeanors, to run concurrently. Further, orders of protection were issued against respondent in favor of Hannah Putnam, Assistant District Attorney Mark Monaco and Rose Marie Monaco (the ADA's mother).

Disciplinary Proceeding

7. In an order dated April 5, 2024, this Court deemed the crime of which respondent was convicted to be a "serious crime," as defined by Judiciary Law §90(4)(f), and ordered respondent to show cause before a referee why a final order of censure, suspension or disbarment should not be made. (Report, p. 3)

8. Thereafter, on July 25, 2024, a hearing was conducted before Referee Lester Adler where respondent proceeded *pro* se and the Committee was represented by Deputy Chief Attorney Raymond Vallejo. Neither party presented any witnesses at the hearing and the evidence consisted solely of documentary evidence. (Report, p. 3)

9. At the hearing, the evidence established that, following his conviction, respondent filed a motion, pursuant to CPL 330.30, challenging the sufficiency of the evidence to prove his guilt of Criminal Contempt in the Second Degree, Stalking in the Fourth Degree, and Harassment in the First Degree. In a written

Exhibit H

Decision denying respondent's motion, dated March 14, 2023, Judge Ruth Pickholz, found the following, in pertinent part:

> At trial the record revealed that these charges arose from a dysfunctional personal relationship between the parties, on March 16, 2019, when [respondent] was arrested following a domestic violence incident at his then-shared apartment with Ms. Putnam at 210 East 36th Street, Apt. 10A, New York County. At trial, Ms. Putnam testified as to this first criminal incident that [respondent] had taken a photograph of her bare breasts, broken her cellphone, and forcibly restrained her. In this first case, [respondent] was arrested, and the case was assigned to ADA Mark Monaco for prosecution.
>
> On January 6, 2020, [respondent] pleaded guilty to a violation of disorderly conduct and was ordered to pay restitution and to abide by a full and final order of protection in favor of Ms. Putnam, valid for two years, until January 5, 2022. This order of protection was just one of other underlying orders in effect when [respondent] was arrested on October 7, 2020, for Criminal Contempt in the Second Degree [Penal Law 215.50(3)] and Aggravated Harassment in the Second Degree [Penal Law 240.30(1)(b)], for conduct related to social media activity. On May 14, 2021, [respondent] was arrested again for additional social media and other conduct that formed the basis for additional charges in the indictment. At trial the evidence demonstrated that [respondent], through a variety of methods, created approximately 17 fake accounts on social media to hide his identity as the source of the content posted. These fake accounts were created with names that could be easily mistaken to be social media accounts of Ms. Putnam. [Respondent] then engaged in a continuous course of conduct that included, but was not limited to, using those fake accounts to make it look like the content of the posts was coming from Ms. Putnam. [Respondent] used these social media accounts to continuously post videos, stories, and photos about Ms. Putnam and then about ADA Monaco, the assistant assigned to the original case, and then escalated the situation further by involving ADA Monaco's mother, who had absolutely nothing to do with this case.

Exhibit H

> The record supports that the defendant's social media posts were significant, voluminous, and targeted, while there were two separate and distinct orders of protection in effect, and much of the content of those posts are in the record. A person is guilty of Criminal Contempt in the 2nd Degree when they engage in conduct that demonstrates an intentional disobedience or resistance to the lawful process or mandate of the Court. There is significant evidence in the record to support these charges. While defense makes much of the fact that the defendant did not initiate direct contact with Hannah Putnam, this is not the end of the analysis. Orders of protection prohibit much more than mere contact. Also, the Court mandates not only include the written documents given to defendant in the courtroom but any additional mandates the Court may issue to a defendant while in Court and on the official record.
>
> Importantly, the defendant also testified at trial. The jury heard first-hand defendant's position regarding his actions and his intentions regarding his behavior in this case. In fact, the jury acquitted defendant on the top counts of Criminal Contempt and found him guilty of the lesser included charges and then also acquitted him of two counts of Harassment as to both Hannah Putnam and ADA Mark Monaco, which indicates the jury was discerning in its analysis of the evidence. As the verdict indicated, the jury believed the defendant's deliberate and consistent course of conduct in this case had no legitimate purpose. Further, the record also demonstrates that the jury could reasonably believe that defendant's continuity of purpose in targeting all three of the victims through social media posts, other communications, and his conduct constituted Stalking. (Staff Exhibit 4)

10. At sentencing, the court made the following remarks, in pertinent part:

> First of all, Mr. Perry, you're a lawyer. You're a member of the Bar; a distinguished career. And an upholder of the law. You were charged with two or convicted of two counts of criminal contempt. And I can only say you were so contemptuous of the Court, of judges who ordered you to do certain things and you showed complete contempt to that. I know that I read those letters regarding your empathy and sympathy, your care for your own parents, but you had no

Exhibit H

empathy, no sympathy for someone else's mother, who had nothing to do with this case. Any anger you had toward the prosecutor and any feelings you had, but to direct it at his mother, to dox her address, to put her in the fear that she had. It is hard to compute with someone who is said to have cared for his own mother and friends and colleagues saw such sympathy towards their family. I totally understand Mrs. Monaco, and how she felt with her address and how she worried for her family, not only herself, but her sons, her sister. And then, there is Ms. Putnam. You showed her no sympathy. No sympathy. I mean social media, you used it in the most destructive and toxic way that social media could ever be used. It is, I mean, I think that there has been a lot written about social media, and how it can be used for good and how it can be used for the way you used it, in a very dark way, in a very toxic way.

* * *

But what [respondent] did here, and especially for a lawyer to disregard a court's order, to not see that what [respondent] was doing was a crime, is mind boggling to me. It really is. It is a privilege for all of us who sit here to be members of the Bar. I take it as a privilege.

* * *

You really brought shame to the Bar with your behavior. And I don't know what will happen to your license at all. I have nothing to do with that. But it is a privilege to be a member of the Bar. And you really disregarded that privilege.
(Staff Exhibit 5, pp. 44-48)

<u>The Referee's Report</u>

11. The referee summarized the pertinent facts concerning respondent's acts resulting in his "serious crime" conviction as follows:

At the trial, the evidence established that the Respondent and the victim shared an apartment. On March 16, 2019, Respondent

Exhibit H

was arrested for a domestic violence incident which involved physically restraining the victim. The testimony also revealed that Respondent had taken a photo of the victim's bare breasts which he disseminated through the media. In addition, Respondent broke the victim's phone.

The case was assigned for prosecution to Assistant District Attorney Mark Monaco.

On January 6, 2020, Respondent pled guilty to the violation of Disorderly Conduct (Section 240.20 of the penal law). As part of the disposition, a two year final order of protection was issued. Respondent signed the order in open court, and presumably was given a copy).

On October 7, 2020, Respondent was arrested for certain postings he made on Social Media. It was established that the Respondent created 17 fake accounts to post items without revealing his identity. Instead, Respondent falsely labeled these posts as originating from the victim.

To make matters worse, the Respondent posted about the Assistant District Attorney Mark Monaco and his mother. These actions were totally out of bounds. Mr. Monaco's mother, of course, had absolutely nothing to do with the case.

The mother testified at the trial and revealed that information about her family was posted on TikTok. All of which caused her to be in fear of harm to herself and her family.

At the sentencing proceeding, the victim was permitted to make a statement, as is permitted by the Criminal Procedure Law. There, she talked about how Respondent's actions seriously impacted her life. Respondent had continuously violated the Orders of Protection, which were put in place to shield her from harm. To compound the negative impact on her life, Respondent impersonated the victim on social media. The overall situation was so intolerable that she was forced to move from her apartment where she had resided for eight years. She experienced panic attacks, sleep deprivation, and was diagnosed with ulcers. She

Exhibit H

> is seeing a therapist to help her navigate through life. Mr. Monaco, the Assistant District Attorney, also chose to make a statement. He stated that he never imagined becoming a victim in a case that he was prosecuting, nor did he ever believe his mother would be dragged into it. (Report, pp. 3-4)

12. In mitigation, the referee considered that respondent "is a very bright individual" who graduated from NYU Law School and later interned for the SEC before practicing mergers and acquisitions. Respondent presented letters representing his good character. (Report, p. 6)

13. In his Report, the referee found, in aggravation, as follows:

> Respondent's complete and utter disregard of a Court Order in a domestic violence case is a very serious matter. It would appear that the Respondent just does not get it. He is defiant and expresses no remorse for his conduct. Instead, he blames everybody else. To include the prosecutor and his mother in the posts is beyond the pale. (Report, pp. 5-6)

14. The referee also found that, "[Respondent] believes he is being persecuted and that the proceedings against him are racially motivated." As the referee determined, "His actions are especially egregious because he is an attorney and a member of the bar. He has not accepted any responsibility for his conduct, which causes concern for the welfare of any future clients he may have. In considering the appropriate sanction in the matter, I must consider protection of the public, and also send a message to any future attorneys who might act similarly."

Exhibit H

(Report, p. 6) Indeed, at the hearing, respondent insisted that his criminal conviction had "been a travesty of justice." (Tr: 10)

15. Further, at the hearing, respondent attempted to re-litigate the merits of his conviction despite being repeatedly reminded that he was precluded from doing so. Respondent expressed absolutely no remorse or contrition for his reprehensible actions or showed a scintilla of acceptance of responsibility for his misconduct. Respondent's refusal to acknowledge his wrongdoing is breathtaking. Moreover, despite being offered the opportunity to do so, respondent presented a dearth of evidence in mitigation.

16. Consequently, the Referee recommended that respondent be ordered suspended from the practice of law for a period of six months. (Report, p. 5) [1]

WHEREFORE, the Committee respectfully requests that this Court affirm the findings of fact, conclusions of law and recommendation that respondent be suspended from the practice of law for a period of six months, and granting such other and further relief as justice may require.

Dated: New York, New York
January 21, 2025

RAYMOND VALLEJO

1. Although the Referee did not cite supporting caselaw in his Report, a discussion of applicable cases can be found in Staff's post-hearing brief. Respondent elected not to submit a post-hearing brief to the referee despite being given the opportunity to do so.

Exhibit H

# EXHIBIT - A

Exhibit H

\SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST JUDICIAL DEPARTMENT
------------------------------------------------------------------------X

In the Matter of William D. Perry
(admitted as William David Perry),
An attorney and counselor-at-law:

Attorney Grievance Committee
for the First Judicial Department,
Petitioner,

William D. Perry
(OCA Atty. Reg No. 514437)
Respondent.
------------------------------------------------------------------------X

REFEREE'S REPORT

I. BACKGROUND

Petitioner filed a motion to the Appellate Division First Department on May 26, 2023. Respondent (pro-se) filed a response dated September 11, 2023. Petitioner filed a reply on September 12, 2023. In the motion, Petitioner requested that the Court determine that the crime for which respondent was convicted, Criminal Contempt in the Second Degree, be classified as a serious crime, as defined by Judiciary Law Section 90 (4) (d). In addition Petitioner requested that Respondent be immediately suspended from the Bar pursuant to 22 NYCRR 1240.12 (6) (2) and Section 9 (4) (f) of the Judiciary Law

Exhibit H

and that Respondent show cause before a referee appointed by the Court what, if any, sanction should be imposed.

Respondent was admitted to the Bar in the Appellate Division First Department on September 16, 2013. He maintains an office in the First Department.

Respondent was indicted by a Manhattan Grand Jury for two counts of Criminal Contempt in the First Degree (Section 215.51 (b) (ii)), three counts of Stalking in the Fourth Degree (Section 120.45 (1)) and Harassment in the First Degree (Section 240.25).

Respondent exercised his right to a jury trial on these charges. He was represented at trial by counsel. The outcome on September 22, 2022 was a conviction for the class A misdemeanor of Criminal Contempt in the Second Degree, class B Misdemeanor of Stalking in the Fourth Degree, and another class B Misdemeanor of Harassment in the First Degree. He was acquitted of the two counts of Criminal Contempt in the First Degree and two counts of Harassment.

At the trial, the evidence established that the Respondent and the victim shared an apartment.[1] On March 16, 2019, Respondent was arrested for a domestic violence incident which involved physically restraining the victim. The testimony also revealed that Respondent had taken a photo of the victim's bare breasts which he disseminated through the media. In addition, Respondent broke the victim's phone.

The case was assigned for prosecution to Assistant District Attorney Mark Monaco.

[1] Despite the fact that the victim's name and address came out of the public trial, I have decided not to include that information in my decision.

Exhibit H

On January 6, 2020, Respondent plead guilty to the violation of Disorderly Conduct (Section 240.20 of the penal law). As part of the disposition, a two year final order of protection was issued. Respondent signed the order in open court, and presumably was given a copy.

On October 7, 2020, Respondent was arrested for certain postings he made on Social Media. It was established that the Respondent created 17 fake accounts to post items without revealing his identity. Instead, Respondent falsely labeled these posts as originating from the victim.

To make matters worse, the Respondent posted about the Assistant District Attorney Mark Monaco and his mother. These actions were totally out of bounds. Mr. Monaco's mother, of course, had absolutely nothing to do with the case.

The mother testified at the trial and revealed that information about her family was posted on TikTok. All of which caused her to be in fear of harm to herself and her family.

At the sentencing proceeding, the victim was permitted to make a statement, as is permitted by the Criminal Procedure Law. There, she talked about how Respondent's actions seriously impacted her life. Respondent had continuously violated the Orders of Protection, which were put in place to shield her from harm. To compound the negative impact on her life, Respondent impersonated the victim on social media. The overall situation was so intolerable that she was forced to move from her apartment where she had resided for eight years. She experienced panic attacks, sleep deprivation, and was diagnosed with ulcers. She is seeing a therapist to help her navigate through life.

Exhibit H

Mr. Monaco, the Assistant District Attorney, also chose to make a statement. He stated that he never imagined becoming a victim in a case that he was prosecuting, nor did he ever believe his mother would be dragged into it.

Respondent filed an answer to the motion made by Petitioner on September 11, 2023. In it he requested that the Grievance matter be stayed until the appeal of his criminal conviction was decided.

Respondent stated that the victim was the aggressor, and that she threatened to weaponize the Police and Criminal Justice System against him. He expressed concerns regarding his interaction with the Police because he was black.

He claimed that Mr. Monaco was well aware that the victim's statements contained false allegations. Nevertheless, the District Attorney's Office continued to prosecute him. He denied initiating any communication with the mother and suggested that Mrs. Monaco went on TikTok for information and became embarrassed. He stated that Mrs. Monaco should not have any basis of fear for herself as a result of anything he has done.

In its brief, reply affirmation, dated September 12, 2023, the AGC stated that Respondent's request to stay the proceedings should be denied. The Respondent's appeal of his criminal conviction should not interfere with the disciplinary proceedings.[2]

[2] On October 8, 2024 the appellate division affirmed his conviction.

Exhibit H

## II. HEARING

The hearing was conducted at the office of the Grievance Committee on July 25 2024.The presented evidence established that on January 6, 2020, Respondent plead guilty to the violation of Disorderly Conduct. The sentence included a 2-year Order of Protection running to the victim. On October 7, 2020 Respondent was arrested for Criminal Contempt in the Second Degree. This time, for a certain posting he made on media accounts. Respondent was arrested again on May 14, 2021. For, among other things, creating fake media accounts which created the impression that the victim had authored the information. Some of the posts referred to Mr. Monaco and his mother.

Clearly, Respondent violated the Judicial Order of Protection on a number of occasions. Ultimately, he was found guilty at a Jury Trial for Criminal Contempt in the Second Degree and other charges concerning his relationship with the victim.

At sentencing, both the Victim and Mr. Monaco talked about how Respondent's conduct negatively affected their lives. The Judge commented upon Respondent's complete disregard of a Court Order, which she found more egregious because he was a lawyer.

## III. AGGRAVATING FACTORS

Respondent's complete and utter disregard of a Court Order in a domestic violence case

Exhibit H

is a very serious matter. It would appear that the Respondent just does not get it. He is defiant and expresses no remorse for his conduct. Instead, he blames everybody else. To include the prosecutor and his mother in the posts is beyond the pale.

IV. MITIGATION

The Respondent is a very bright individual. He states that he graduated NYU Law School and later went on to intern for the S.E.C. He then went on to practice mergers and acquisitions with two notable firms. In 2017, his practice involved investment banking.

While Respondent presents as an intelligent person, the facts in this case indicate that he is misguided.

He believes he is being persecuted and that the proceedings against him are racially motivated. He did present some letters representing his good character.

All that being said, there is no escaping that he was contemptuous of the Court by violating two Orders of Protection. For that he has been convicted of a crime.

His actions are especially egregious because he is an attorney and a member of the bar.

He has not accepted any responsibility for his conduct, which causes concern for the welfare of any future clients he may have.

In considering the appropriate sanction in the matter, I must consider protection of the public, and also send a message to any future attorneys who might act similarly.

For the reasons mentioned, I conclude that the Respondent should be suspended from the practice of law for six months.



Date: January 8, 2025

Lester Adler, Referee

Exhibit H

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : FIRST JUDICIAL DEPARTMENT

In the Matter of William D. Perry,
(admitted as William David Perry),
an attorney and counselor-at-law:

Attorney Grievance Committee
for the First Judicial Department,

Petitioner,

William D. Perry,
(OCA Atty. Reg. No.: 5141437),

Respondent.

**NOTICE OF MOTION TO CONFIRM & AFFIRMATION IN SUPPORT**

**JORGE DOPICO**
Chief Attorney
Attorney for Petitioner

ATTORNEY GRIEVANCE COMMITTEE
180 Maiden Lane - 17th Floor
New York, New York 10038
(212) 401-0800

**RAYMOND VALLEJO**
Of Counsel

Exhibit I

# Supreme Court of the State of New York
## Appellate Division, First Judicial Department

Present – Hon. Cynthia S. Kern, Justice Presiding,
Peter H. Moulton
Barbara R. Kapnick
Bahaati E. Pitt-Burke
Kelly O'Neill Levy, Justices.

---

In the Matter of William D. Perry
(admitted as William David Perry),
an attorney and counselor-at-law:

Attorney Grievance Committee
for the First Judicial Department,
Petitioner,

William D. Perry
(OCA Atty. Reg. No. 5141437),
Respondent.

Motion No. 2024-04566
Case No. 2023-02705

**UNPUBLISHED ORDER CONFIDENTIAL**

---

An unpublished order having been entered in this Court on November 1, 2023 (Motion No. 2023-02404), deeming the September 22, 2022, misdemeanor convictions for criminal contempt in the second degree, stalking in the fourth degree, and harassment in the first degree of respondent (who was admitted to practice as an attorney and counselor-at-law in the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 16, 2013), as "serious crimes" within the meaning of Judiciary Law § 90(4)(d), and appointing Lester Adler, Esq., as Referee to conduct a sanction hearing and to issue a report and recommendation as to whether a final order of censure, suspension, or disbarment should be made,

And an unpublished order of this Court having been entered on June 28, 2024 (Motion No. 2024-02384), denying respondent's motion for a stay, and directing the parties to proceed with the sanction hearing as previously ordered by this Court in its November 1, 2023, order,

And an unpublished order of this Court having been entered on September 4, 2024 (Motion No. 2024-03321 and Motion No. 2024-03953) denying motions for reargument and for leave to appeal in their entirety and directing the parties to proceed with the sanction hearing previously ordered by the court in its November 1, 2023, and June 28, 2024, unpublished orders, and denying respondent's motion for poor person relief with leave to renew upon his submission of a notarized affidavit, in accordance with CPLR 1101, setting forth facts sufficient to establish that respondent has no funds or assets with which to participate in this proceeding, including the amount and sources

Exhibit I

of his income, and, to the extent that respondent was represented earlier in this proceeding by retained counsel, why the funds used to retain such counsel are no longer available to respondent to support his participation in this proceeding,

And, respondent, pro se, having moved this Court on September 30, 2024 for renewal of his motion for poor person relief,

Now, upon reading and filing the papers with respect to the motion, and due deliberation having been had thereon, it is unanimously,

Ordered that the motion of respondent William D. Perry, admitted as William David Perry, is granted to the extent of directing the Committee to provide respondent with a copy of the transcript of the referee hearing without charge.

Entered: November 15, 2024

Susanna Molina Rojas
Clerk of the Court

Exhibit J

Supreme Court
of the
State of New York

100 CENTRE STREET
NEW YORK, N.Y. 10013

December 5, 2024

Mr. William Perry
210 E. 36th Street
New York, NY 10016

Ind.# 1389-21

Dear Mr. Perry:

Please be advised that your CPL § 440, Omnibus & Recusal motions have been scheduled in Part 94 before the Hon. Abraham Clott for December 17, 2024. Be advised that the filing of a post judgment motion does not always necessitate a hearing. That determination is made by the assigned judge. Your appearance is not required unless you are contacted by the Court to make arrangements.

Procedurally, the NY County District Attorney's Office is given an opportunity to respond to your motion. In some cases more than one adjournment may be required and it could take several months before a decision is rendered.

Once a decision has been rendered a certified copy of the order will be forwarded to you.

Respectfully yours,

F. Halwick, ACC
CAP Unit
Supreme Court, Criminal Term

cc: R. Badagliacco, Deputy Director [DANY]

Exhibit K

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**

**PRESENT:** **HON. VERNA L. SAUNDERS, JSC** **PART** 36M

***Justice***

---------------------------------------------------------------------------------X

WILLIAM PERRY, **INDEX NO.** 159875/2024

Petitioner,

- v -

MARK A MONACO, ALVIN BRAGG, GOV. KATHY HOCHUL, HON. RUTH PICKHOLZ, HON. CURTIS FARBER, LISA DEL PIZZO, STUART SILBERG, ERIN TIERNEY, SHIRA ARNOW, ALEXANDRA WYNNE, THOMAS MULLINS and DONYA BARDLIVING,

Respondents.

---------------------------------------------------------------------------------X

I am recusing myself for the following reason: Appearance of impropriety given that assigned Justice is known to many of the named parties/attorneys. Thus, this matter and Motion Seq. Nos. 001 and 002 are respectfully remitted to the General Clerk's Office for reassignment to another Justice of the court.

**DATE:** **December 16, 2024**

**HON. VERNA L. SAUNDERS, JSC**

**REASSIGNMENT - RECUSAL**

Exhibit K

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: L Kotler, *Justice*

PART 8

William Perry

-v-

Mark A. Monaco, et al.

INDEX NO. 159875/24

MOTION DATE ______

MOTION SEQ. NO. 1 and 2

The following papers, numbered 1 to ____, were read on this motion to/for ______

Notice of Motion/Order to Show Cause — Affidavits — Exhibits ______ | No(s). ______

Answering Affidavits — Exhibits ______ | No(s). ______

Replying Affidavits ______ | No(s). ______

Upon the foregoing papers, it is ordered that this motion is

~~MOTION/CASE~~ Court IS RESPECTFULLY ~~REFERRED TO JUSTICE~~ Recuses itself

FOR THE FOLLOWING REASON(S): The Court is familiar with several respondents named herein. This case is respectfully remitted to the General Clerk's Office for reassignment to another Justice of the Court.

Dated: 1/6/2025

______, J.S.C.

HON. LYNN R. KOTLER

1. CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: MOTION IS: ☐ GRANTED ☐ DENIED ☐ GRANTED IN PART ☒ OTHER
3. CHECK IF APPROPRIATE: ☐ SETTLE ORDER ☐ SUBMIT ORDER ☐ DO NOT POST ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

Exhibit L

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 37

WILLIAM PERRY,

                        Petitioner,

               - against -

MARK A. MONACO, ALVIN BRAGG, GOV.
KATHY HOCHUL, HON. RUTH PICKHOLZ,
HON. CURTIS FARBER, LISA DEL PIZO
STUART SILBERG, ERIN TIERNEY, SHIRA
ARNOW, ALEXANDRA WYNNE, THOMAS
MULINS, DONYA BARDLVING,
                   Respondents.

**NOTICE OF ENTRY**

Index No. 159875/2024

Motion Sequence No. 1

Hon. Arthur F. Engoron, J.S.C.

**PLEASE TAKE NOTICE** that the attached is a true and complete copy of a Decision and Order, Motion Sequence No. 1, issued by the Hon. Arthur F. Engoron, J.S.C in the above-captioned matter, dated March 11, 2025, and duly entered in the office of the clerk of the Supreme Court of the State of New York, New York County, on March 12, 2025.

Dated:  New York, New York
        March 12, 2025

                              LETITIA JAMES
                              Attorney General
                              State of New York
                              *Counsel for State Respondents*

                              By:

                              Charles F. Sanders
                              Assistant Attorney General
                              28 Liberty Street
                              New York, New York 10005
                              (212) 416-8594

To:

Mr. William Perry
Petitioner *Pro Se*
210 East 36th Street
New York, NY 10016
wdperry@gmail.com

District Attorney, New York County
DANY Respondents
One Hogan Place
New York, New York 10013

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** **HON. ARTHUR F. ENGORON**, *Justice* — **PART** 37

**INDEX NO.** 159875/2024

**MOTION DATE** 11/20/2024

**MOTION SEQ. NO.** 001

---X

WILLIAM PERRY,

Petitioner,

- v -

MARK A MONACO, ALVIN BRAGG, GOV. KATHY HOCHUL, HON. RUTH PICKHOLZ, HON. CURTIS FARBER, LISA DEL PIZZO, STUART SILBERG, ERIN TIERNEY, SHIRA ARNOW, ALEXANDRA WYNNE, THOMAS MULLINS, DONYA BARDLIVING,

Respondents.

---X

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21,

were read on this motion for ARTICLE 78 (BODY OR OFFICER) RELIEF.

Upon the foregoing documents, the petition is dismissed for lack of subject matter jurisdiction.

Pro se petitioner brings this scattershot Article 78 special proceeding seeking, inter alia: judicial review of respondent New York County District Attorney Alvin Bragg's alleged failure to supervise certain Assistant District Attorneys; to compel Bragg to produce certain materials arising from an indictment of petitioner, Indictment No. 01389/21; compel Bragg to investigate his ADAs for perjury; judicial review of alleged actions of respondent Justice Ruth Pickholz; for a writ of prohibition of certain of Justice Pickholz's orders; a writ of mandamus compelling respondent Justice Curtis Farber to unseal the transcript that explains why Indictment No. 01389/21 is under seal; and to compel respondent Governor Kathy Hochul to investigate respondents for their ongoing conspiracy against petitioner's rights. NYSCEF Doc. No. 1.

Pursuant to CPLR 506(b)(1), "a proceeding against a justice of the supreme court … shall be commenced in the appellate division in the judicial department where the action, in the course of which the matter sought to be enforced or restrained originated, is triable …" See Na v Cohen, 223 AD3d 594, 595 (1st Dept 2024) ("Petitioner was required to commence this proceeding in this Court pursuant to CPLR 506(b)(1), as it involves claims against a Justice of the Supreme Court, New York County. In the absence of subject matter jurisdiction, Supreme Court lacked the authority to exercise the transfer power conferred by CPLR 7804 (b).") (internal citations omitted).

Here, the instant petition implicates two Justices of the Supreme Court and, therefore, should have been brought before the Appellate Division. Thus, the law requires the dismissal of the

Exhibit L

petition. Baba v Evans, 213 AD2d 248, 248 (1st Dept 1995) ("The IAS Court properly dismissed the petition for lack of subject matter jurisdiction, because it included a claim against a Justice of the Supreme Court, County of New York, and therefore, should have been commenced in this Court").

HON. ARTHUR F. ENGORON

| 3/11/2025 | ARTHUR F. ENGORON, J.S.C. |
|---|---|
| DATE | |

| | | | | |
|---|---|---|---|---|
| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| | [ ] GRANTED | [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

Exhibit L

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
: SS.:
COUNTY OF NEW YORK )

CHARLES F. SANDERS, being duly sworn, deposes and says:

That he is an Assistant Attorney General at the office of the Attorney General of the State of New York and counsel for state respondents Hon. Curtis Farber, Hon. Ruth Pickholz and Gov. Kathy Hochul, on the 12th day of March 2025, he served the annexed Notice of Entry with a copy of a Decision and order on Motion Sequence No. 1, issued on March 11, 2025, and entered in the office of the clerk of the Supreme Court of the State of New York, New York County on March 12, 2025, upon the following named persons by electronic filing and first class mail delivery service directed to said persons at the addresses within the State designated by them for that purpose.

To:

Mr. William Perry
Petitioner *Pro Se*
210 East 36th Street
New York, NY 10016
wdperry@gmail.com

District Attorney, New York County
DANY Respondents
One Hogan Place
New York, New York 10013

I affirm this 12th day of March 2025, under the penalties of perjury under the law of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: New York, New York
March 12, 2025

Charles F. Sanders



**From:** efile@nycourts.gov
**To:** wdperry@gmail.com
**Subject:** NYSCEF Notification: Appellate Division - 1st Dept - Original Proceeding - <NOTICE OF PETITION WITH SUPPORTING DOC(S)(COMMENCEMENT)> (William Perry v. Mark Anthony Monaco et al)
**Date:** Thursday, March 27, 2025 3:05:22 PM

# Appellate Division - 1st Dept
## Notification of Filing
## 03/27/2025

The NYSCEF System has received the documents listed below from filing user WILLIAM DAVID PERRY . Please keep this notice as a confirmation of this filing.

**NOTE:** Upon approval by the court, you will receive an e-mail with the appellate case number, which must be entered on the appropriate Notification of Case Number form. Service of the Notification of Case Number form in hard copy is required upon all parties to this appeal. Proof of such service must be e-filed.

## Case Information

Appeal #: **Not Assigned**
Caption: **William Perry v. Mark Anthony Monaco et al**

## Documents Received

| Doc # | Document | Filed Date |
|---|---|---|
| 1 | NOTICE OF PETITION WITH SUPPORTING DOC(S) (COMMENCEMENT) | 03/27/2025 |
| 2 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) - | 03/27/2025 |
| 3 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) - Article 78 Petition | 03/27/2025 |
| 4 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) - Memorandum of Law in Support | 03/27/2025 |
| 5 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) - Request for Judicial Intervention | 03/27/2025 |
| 6 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) - Exhibits (Part 1 of 2) | 03/27/2025 |

Exhibit M

| 7 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) - Exhibits (Part 2 of 2) | 03/27/2025 |
|---|---|---|

## E-mail Notifications Sent

| Name | Email Address |
|---|---|
| WILLIAM DAVID PERRY | wdperry@gmail.com |

## Filing User

**WILLIAM DAVID PERRY** | wdperry@gmail.com | 9548021334 | 210 east 36th Street, Apt 10A, New York, NY 10016

**NOTICE:** This e-mail is intended only for the named recipient and for the purposes of the New York State Courts E-Filing System. If you are neither the intended recipient nor a person designated to receive messages on behalf of the intended recipient, notify the sender immediately.

**If you are unsure of the contents or origin of this email, it is advised to NOT click on any links provided. Instead, log into your NYSCEF account to access the documents referred to in this email. Thank you.**