UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| William Perry,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ADA Mark Anthony Monaco,<br>DA Alvin Bragg,<br>ADA Lisa DelPizzo,<br>ADA Stuart Silberg,<br>ADA Erin Tierney,<br>ADA Shira Arnow,<br>ADA Alexandra Wynne,<br>ADA Hannah Perlman,<br>Officer Thomas Mullins,<br>Officer Donya Bardliving,<br>The City of New York,<br>　　　　　　　　Defendants. | Case No. 24-CV-8736 (LJL)<br><br>**NOTICE OF MOTION FOR TEMPORARY RESTRAINING ORDERS** |

**PLEASE TAKE NOTICE** that, upon the accompanying prior filings incorporated by reference, Plaintiff respectfully submits this motion to cure any procedural deficiencies associated with the June 10, 2025 letter motion (ECF No. 64), and to seek formal issuance of two (2) temporary restraining orders under Federal Rule of Civil Procedure 65(b).

Plaintiff William Perry, proceeding *pro se* and having been granted leave to proceed in forma pauperis, respectfully moves this Court pursuant to FRCP 65(b) for the issuance of two Temporary Restraining Orders (TROs), and related relief. This Motion seeks to formalize the prior applications for emergency injunctive relief already presented in the following filings:

1. Order to Show Cause for a Temporary Restraining Order,[1] dated June 10, 2025, re: Attorney Grievance Committee (ECF No. 62),

2. Order to Show Cause for a Temporary Restraining Order,[1] dated June 10, 2025, re: Family Court Matter (ECF No. 63),

---

[1] Includes accompanying verified complaint.

1

3. Letter Motion for a Temporary Restraining Order (ECF No. 64),

4. Memorandum of Law in Support of Federal Intervention within State Derivative Proceedings, dated June 10, 2025 (ECF No. 65),

all of which are incorporated herein by reference.[2]

## REQUESTED RELIEF

1. **Issuance of a TRO** enjoining Defendants **Jorge Dopico** and **Raymond Vallejo** from using or relying on the factual findings of Indictment No. 01389/21 in connection with *In re Perry*, Appellate No. 2023-02705, or any other collateral disciplinary proceedings, pursuant to **Rule 65(b)** and permissive joinder under **Rule 20(a)(2)**.[3]

2. **Issuance of a TRO** enjoining Defendants **Annie Seifullah, Esq.** and **Hannah Claire Putnam** from using or relying on the factual findings of Indictment No. 01389/21 in Family Court Docket No. O-07006-20, pursuant to **Rule 65(b)** and compulsory joinder under **Rule 19(a)(1)(A)**.

3. An order directing **issuance of summons** and **U.S. Marshals Service** for service pursuant to **Rule 4(c)(3)** and **28 U.S.C. § 1915(d)**.

4. A *nunc pro tunc* **extension of time** under **Rule 6(b)(1)(B)** to treat this formal motion as timely in connection with the Court's May 16, 2025 scheduling order (ECF No. 55), particularly with respect to the Family Court TRO.

5. This Motion is supported by the previously filed:

   A. Memorandum of Law in Support of Complaint and Temporary Restraining Order, dated January 17, 2025 (ECF No. 9);

   B. Amended Complaint, dated March 7, 2025 (ECF No. 20)

   C. Verified Complaint(s) dated June 10, 2025 (ECF No. 62 and 63),

---

[2] See FCRP 10(c) (permitting incorporation of prior filings by reference in motion practice).
[3] Proposed Order(s) to Show Cause is submitted separately in ECF No. 62 and 63.

        a.    Accompanying Orders to Show Cause for Emergency Relief (ECF No. 62 and 63),

D.    Letter Motion re: TROs, dated June 10, 2025 (ECF No. 64)

        a.    Exhibits A–E, attached to ECF No. 64, and

E.    Memorandum of Law in Support of Federal Intervention within State Derivative Proceedings, dated June 10, 2025 (ECF No. 65),

F.    Letter re: Audio Evidence Provided in Further Support of Prior Pleadings, dated June 11, 2025 (ECF No. 66),

G.    All prior proceedings and filings in this matter.

## VERIFICATION

6.    Pursuant to 28 U.S.C. § 1746, I, the undersigned, declare under penalty of perjury that the foregoing motion is true and correct to the best of my knowledge, and that the prior incorporated submissions remain accurate and are hereby affirmed for purposes of this Motion.

Dated: June 11, 2025
       New York, New York

                                                                       _____
                                                                       William Perry
                                                                       Plaintiff, *pro se*
                                                                       210 East 36th Street
                                                                       New York, NY 10016
                                                                       954-802-1334
                                                                       wdperry@gmail.com

Attached:    (1)    Certification Under FRCP 65(b)(1)(B) for an Ex Parte TRO, dated June 11, 2025

cc:    <u>VIA Email and ECF</u>
       Jonathan Hutchinson
       *Senior Counsel*
       Special Federal Litigation Division

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| William Perry,<br><br>       Plaintiff,<br><br> v.<br><br>ADA Mark Anthony Monaco,<br>DA Alvin Bragg,<br>ADA Lisa DelPizzo,<br>ADA Stuart Silberg,<br>ADA Erin Tierney,<br>ADA Shira Arnow,<br>ADA Alexandra Wynne,<br>ADA Hannah Perlman,<br>Officer Thomas Mullins,<br>Officer Donya Bardliving,<br>The City of New York,<br>       Defendants. | Case No. <u>24-CV-8736 (LJL)</u><br><br>**CERTIFICATION PURSUANT TO FED. R. CIV. P. 65(b)(1)(B)** |

1. I, William Perry, *pro se*, Plaintiff, hereby certify under penalty of perjury, pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), that:

    a. I have made reasonable efforts to notify the defendants of this motion for a temporary restraining order, as documented in:

        i. Verified Complaint (ECF No. 62), ARGUMENT Section II. Notice Should Not Be Required (paragraph 66-67); and

        ii. Verified Complaint (ECF No. 63), ARGUMENT Section II. Notice Should Not Be Required (paragraph 68-70).

    b. Notice should not be required because Plaintiff faces immediate and irreparable harm before the defendants can be heard in opposition, including the risk of unconstitutional incarceration, reputational damage, and chilling of First Amendment rights. Support for this is set forth in:

1

      i. Verified Complaint (ECF No. 62), ARGUMENT Section I. Irreparable Harm (paragraph 62-65);

      ii. Verified Complaint (ECF No. 63), ARGUMENT Section I. Irreparable Harm (paragraph 64-67); and

      iii. Letter Motion re: TROs, dated June 10, 2025 (ECF No. 64), Section II. Irreparable Harm (pages 4 – 6).

2.    I certify that the foregoing is true and correct to the best of my knowledge, and given the urgency of the situation and the irreparable harm I face, I respectfully request that the Court consider this application *ex parte*.

Dated: June 11, 2025
      New York, New York

                                    William Perry
                                    Plaintiff, *pro se*
                                    210 East 36th Street
                                    New York, NY 10016
                                    954-802-1334
                                    wdperry@gmail.com

cc:    VIA Email and ECF
        Jonathan Hutchinson
        *Senior Counsel*
        Special Federal Litigation Division