UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
WILLIAM PERRY, :
:
Plaintiff, :
: 24-cv-8736 (LJL)
-v- :
: MEMORANDUM AND
MARK ANTHONY MONACO, et al., : ORDER
:
Defendants. :
X
-----------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

*Pro so* Plaintiff William Perry ("Plaintiff") seeks a Temporary Restraining Order ("TRO") against non-parties Joe Dopico ("Dopico"), Raymond Vallejo ("Vallejo"), Hannah Putnam ("Putnam"), and Annie Seifullah ("Seifullah") (collectively, the "Proposed Defendants"). *See* Dkt. No. 79. Plaintiff's motion for emergency relief is denied.

This action stems from Plaintiff's 2022 convictions following a jury trial, which he says resulted from prosecutorial and judicial misconduct and violated his First, Fourth, and Fourteenth Amendment rights, among other things. Dkt. No. 20-1 ¶¶ 42–78. He seeks damages, declaratory and injunctive relief, and fees. *Id.* ¶¶ 208–11. Plaintiff first moved for a TRO on January 17, 2025. *See* Dkt. Nos. 8–9. The Court denied that application as procedurally defective on February 19, 2025. *See* Dkt. No. 16. More emergency applications have followed. On June 30, 2025, the Court denied Plaintiff's motion for a TRO seeking to enjoin Manhattan District Attorney Alvin Bragg, Jr. from allegedly censoring public advocacy and criticism of the District Attorney's Office on social media platforms. Dkt. No. 74. At the same time, the Court noted Plaintiff's numerous other pending TRO applications and ordered him to consolidate his filings

into a single application setting forth the injunctive relief he seeks and the basis for that relief. Dkt. No. 75. The Court noted that it would not otherwise consider Plaintiff's prior TRO applications. *Id.* On July 3, 2025, Plaintiff filed his consolidated application and an accompanying memorandum of law, which the Court now considers. *See* Dkt. Nos. 79–80.

Plaintiff's current TRO application seeks to prohibit the Proposed Defendants from publishing, invoking, or otherwise relying on his conviction in two separate state legal proceedings: First, Plaintiff seeks to enjoin Dopico and Vallejo, officials of the Attorney Grievance Committee for the First Judicial Department, from invoking his conviction in an ongoing attorney disciplinary matter. Dkt. No. 79 at 2. Second, Plaintiff seeks to enjoin his ex-girlfriend, Putnam, and her lawyer, Seifullah, from invoking his conviction in an ongoing family-court matter. *Id.* Plaintiff asserts that reliance on his state conviction in either proceeding would violate his First and Fourteenth Amendment rights and cause irreparable harm in the form of "reputational injury, suspension from the legal profession, suppression of protected speech, and the imminent threat of incarceration." Dkt. No. 80 at 2.

Plaintiff appears to recognize that the Court can entertain a TRO request only against parties or those in privity with them based on allegations in the operative complaint. *See* Dkt. No. 79-1 at 2; *see also* Fed. R. Civ. P. 65(d) (stating that nonparties may be bound by an injunction or restraining order only to the extent they are "in active concert or participation" with a party or its agents, servants, employees, or attorneys). The Proposed Defendants are not currently parties, and the requested TRO is not based on allegations in the operative Amended Complaint. *See* Dkt. No. 20-1. Plaintiff therefore seeks to file a supplemental complaint. *See* Dkt. No. 79-1 at 4; Dkt. No. 79-2 at 4 (requesting that the Court deem two new complaints, Verified Complaint ALPHA and Verified Complaint BETA, as supplemental pleadings).

2

A supplemental complaint may be filed only on motion. *See In re Elysium Health-ChromaDex Litig.*, 2021 WL 194994, at *4 (S.D.N.Y. Jan. 19, 2021). Federal Rule of Civil Procedure 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "A supplemental pleading may . . . be used to add additional facts or events relating to liability or to change the relief requested." *Aktiebolag v. Andrx Pharms., Inc.*, 695 F. Supp. 2d 21, 30 (S.D.N.Y. 2020) (quoting 3 Moore's Federal Practice § 15.30 (3d ed. 2009)). The Court has "broad discretion" whether to permit an amendment pursuant to Rule 15(d). Fed. R. Civ. P. 15(d) advisory committee note to 1963 amendment; *see also Weeks v. N.Y.S. (Div. of Parole)*, 273 F.3d 76, 89 (2d Cir. 2001) (noting that the Second Circuit reviews "denial of a motion to supplement the complaint for abuse of discretion").

"The threshold consideration for the district court is whether 'the supplemental facts connect [the supplemental pleading] to the original pleading.'" *Weeks*, 273 F.3d at 88 (quoting *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)); *see Vance v. Venettozzi*, 2019 WL 4415551, at *3-4 (N.D.N.Y. Sept. 16, 2019). A motion under Rule 15(d) can be denied when "the claim or defense asserted in the supplemental pleading [bears] little or no relationship to the original pleading." 6A Wright & Miller's Federal Practice & Procedure § 1510 (3d ed. 2025). While leave to file a supplemental pleading is to be freely granted under Rule 15(d) as under Rule 15(a), the court may deny a motion based on "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino*, 71 F.3d at 66; *see also Aktiebolag*, 695 F. Supp. 2d at 30; *Interpublic Grp. of Cos., Inc. v. Fratarcangelo*, 2002 WL 31720355, at *1 (S.D.N.Y. Dec. 4, 2002).

3

The proper course now is for Plaintiff to file a motion to supplement his complaint under Rule 15. Filing the motion on the docket will suffice to satisfy Plaintiff's service obligations under Rule 5. Defendants shall have two weeks from the date of Plaintiff's motion to respond. Plaintiff will have one week from Defendant's response to reply. The motion for a TRO is denied.

SO ORDERED.

Dated: August 7, 2025
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge