USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/08/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM PERRY, et al.,

Plaintiffs,

-v-

MARK ANTHONY MONACO, et al.,

Defendants.

24-cv-8736 (LJL)

ORDER TO SHOW CAUSE

LEWIS J. LIMAN, United States District Judge:

The operative complaint before this Court, the Corrected Revised Second Amended Complaint ("RSAC"), names as defendants the following individuals and entities in their individual capacities: the City of New York (the "City"), Alvin Bragg ("Bragg"), Mark Monaco ("Monaco"), Lisa Del Pizzo ("Del Pizzo"), Stuart Silberg ("Silberg"), Erin Tierney ("Tierney"), Shira Arnow ("Arnow"), Alexandra Wynne ("Wynne"), Hannah Perlman ("Perlman"), Thomas Mullins ("Mullins"), Donjya Bardliving ("Bardliving"), Virginia Nguyen ("Nguyen"), Robin McCabe ("McCabe"), Hannah Putnam ("Putnam"), Alyssa Rowe ("Rowe"), Annie Seifullah ("Seifullah"), and Rosemarie Monaco. Dkt. No. 131. Plaintiff also names the following individuals as defendants in their official capacities: Judges Curtis Farber, Ruth Pickholz, Josh Hanshaft, Abraham Clott, Jacob Maeroff, Joseph Zayas, and Karen Lupuloff (collectively, "the Judicial Defendants"), as well as Jorge Dopico and Raymond Vallejo (the "AGC Defendants"). *Id.*[1]

[1] Plaintiff names Bragg in both his individual and official capacity for several counts. "In an official capacity suit, 'the real party in interest . . . is the governmental entity and not the named official.'" *Tanvir v. Tanzin*, 894 F.3d 449, 458–59 (2d Cir. 2018) (quoting *Hafer v. Melo*,

By Opinion and Order of September 30, 2026, the Court granted the motion to dismiss of the City and the following individual defendants: Bragg, Monaco, Del Pizzo, Silberg, Tierney, Arnow, Wynne, Perlman, Mullins, and Bardliving (the "Moving Defendants"). Dkt. No. 162. The Court concluded that those defendants are protected by absolute or qualified immunity or that the RSAC did not otherwise state a claim for relief against them. Plaintiff's federal claims against those defendants were dismissed with prejudice and without leave to amend. The Court also dismissed Count III of the RSAC asserting claims brought by Plaintiff on behalf of his mother, Beulah Perry. Those claims were dismissed without prejudice.[2]

Nguyen, McCabe, Putnam, Rowe, Seifullah, Rosemarie Monaco, Dopico, Vallejo, and Judges Farber, Pickholz, Hanshaft, Clott, Maeroff, Zayas, and Lupuloff (the "Remaining Defendants") have not been served. On November 24, 2025, Plaintiff submitted a revised proposed order of service for the Court's consideration which would extend the time for Plaintiff to serve the RSAC and appoint the United States Marshals Service to serve the Remaining Defendants. Dkt. No. 125. That application remains pending.[3]

The following federal claims remain in the case: (1) Count I (alleging a First Amendment

---

502 U.S. 21, 25 (1991)), *aff'd*, 592 U.S. 43 (2020). "By contrast, individual capacity suits 'seek to impose individual liability upon a government officer for [his or her] actions under color of [] law.'" *Id.* (quoting *Hafer*, 502 U.S. at 25). "Because a suit against that official in his or her official capacity is no different from a suit against the State itself, damages can be obtained only when the official is sued in his or her personal capacity." *Al-Jundi v. Est. of Rockefeller*, 885 F.2d 1060, 1065 n.2 (2d Cir. 1989) (internal citation omitted). A state official may, however, be sued in his official capacity for injunctive or declaratory relief. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

[2] The Court also dismissed Plaintiff's non-federal and New York State claims alleged in Counts XI to XVIII without prejudice for failure to file a Notice of Claim as against the Moving Defendants, all of whom are public actors. Dkt. No. 162 at 18 n.14, 56.

[3] In addition, on December 30, 2025, the Court ordered Plaintiff to show cause why the defendants other than those employed by the District Attorney's Office should not be dropped from the case under Federal Rule of Civil Procedure 21. Dkt. No. 129. Plaintiff responded to the order to show cause on January 12, 2026. Dkt. Nos. 136–37.

claim against Rosemarie Monaco, Seifullah, Putnam, Rowe, and the following defendants in their official capacities: Bragg, Dopico, Vallejo, and Judges Pickholz, Farber, Hanshaft, Clott, Maeroff, Zayas, and Lupuloff[4]), Dkt. No. 131 ¶¶ 150–63; (2) Count IV (alleging a Sixth Amendment claim against Nguyen in her individual capacity and against Bragg and Judges Farber, Pickholz, Clott, and Zayas in their official capacities), *id.* ¶¶ 184–99; (3) Count V (alleging a Fourteenth Amendment claim against McCabe, Rosemarie Monaco, Seifullah, Putnam, and Rowe in their individual capacities and against Bragg, Dopico, Vallejo, and Judges Farber, Pickholz, Clott, and Zayas in their official capacities), *id.* ¶¶ 200–22; (4) Count VI (alleging a Fourteenth Amendment claim against McCabe, Rosemarie Monaco, Seifullah, and Putnam in their individual capacities and against Bragg, Dopico, Vallejo, and Judges Farber, Pickholz, Clott, and Zayas in their official capacities), *id.* ¶¶ 223–32; (5) Count VII (alleging a First and Fourteenth Amendment access-to-courts claim against McCabe, Seifullah, and Putnam in their individual capacities and against Bragg and Judges Farber, Pickholz, Clott, and Zayas in their official capacities), *id.* ¶¶ 233–43; (6) Count VIII (alleging a Fourteenth Amendment claim against McCabe, Rosemarie Monaco, Seifullah, Putnam, Dopico, and Vallejo), *id.* ¶¶ 244–50; and (7) Count IX (alleging a claim for civil conspiracy to deprive constitutional rights under 42 U.S.C. § 1985 against McCabe, Rosemarie Monaco, Seifullah, Rowe, and Putnam in their individual capacities and against Bragg and Judges Pickholz, Farber, Hanshaft, Clott, Maeroff, Zayas, and Lupuloff in their official capacities), *id.* ¶¶ 251–61.[5]

Before the Court issues an order of service, it orders Plaintiff to show cause why his

[4] The proposed order of service makes clear that Plaintiff intends to name the Judicial Defendants and the AGC Defendants in their official capacities only. Dkt. No. 125.

[5] Plaintiff's Fourth Amendment claim against Bragg in his official capacity only (Count II) also remains. *Id.* ¶¶ 164–72. Plaintiff shall show cause why this claim should not be dismissed for lack of standing.

federal claims against the Remaining Defendants for damages should not be dismissed with prejudice and his claims for prospective relief dismissed without prejudice for substantially the reasons set forth in the Court's Opinion and Order of September 30, 2026, and so that the Court may enter final judgment. The Court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam). *See also Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988).

The Court held that defendants Bragg, Monaco, Del Pizzo, Silberg, Tierney, Arnow, Wynne, and Perlman were protected by absolute immunity for their acts that were intimately associated with the judicial phase of the criminal process. Dkt. No. 162 at 20–27. Plaintiff shall show cause why that rationale would not apply to all of the acts alleged to have been taken by Assistant District Attorney Nguyen.

The Court further dismissed Plaintiff's First Amendment claim (Count I) against the Moving Defendants for damages because Plaintiff did not plead the absence of probable cause for his arrest, because his conviction served as conclusive evidence that probable cause existed, and because he did not plead objective evidence that he was arrested when other similarly situated individuals engaged in the same sort of protected speech had not been arrested. *Id.* at 36–37. It dismissed Plaintiff's claim for prospective relief for lack of standing. *Id.* at 47–48. Plaintiff shall show cause why the same rationale would not require dismissal of the First Amendment claims against the Remaining Defendants for damages with prejudice and for injunctive relief without prejudice.

In Count IV of the RSAC, Plaintiff alleged that Wynne, Perlman, and Bragg violated his Sixth Amendment rights by seeking and enforcing Judge Farber's protective order. Dkt. No. 131

¶¶ 184–99. The Court dismissed that claim because Wynne and Perlman were entitled to absolute immunity and Plaintiff did not allege any facts establishing personal involvement by Bragg. Plaintiff shall show cause why Nguyen would not be entitled to absolute immunity for the same conduct. The Judicial Defendants are entitled to absolute immunity for acts taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Shtrauch v. Dowd*, 651 F. App'x 72, 73–74 (2d Cir. 2016) (summary order) ("Generally, acts arising out of, or related to, individual cases before the judge are considered judicial in nature." (internal quotation marks omitted)). Plaintiff shall also show cause why Count IV should not be dismissed for lack of standing as against Bragg and the Judicial Defendants in their official capacities.

The Court dismissed Count V of the RSAC against the Moving Defendants because, with respect to the ADA Defendants[6] other than Monaco, they were entitled to absolute immunity, and with respect to the remaining Moving Defendants, on the grounds that there was no well-pled allegation that the information provided to law enforcement was false or material and because Plaintiff's conviction established the existence of probable cause. Dkt. No. 162 at 34–37, 44–45. To the extent that Plaintiff sought relief from the possibility of future harm, the Court dismissed Plaintiff's claims for lack of standing. *Id.* at 47–48. The Court also ruled that to be liable under Section 1983, a defendant need have acted under color of state law. *Id.* at 28–29, 32–33. Plaintiff shall show cause why Count V should not be dismissed against the Remaining Defendants for the same reasons.

Count VI alleges that the criminal laws were selectively enforced against Plaintiff on the basis of his race. Dkt. No. 131 ¶¶ 223–32. It also alleges that ADA McCabe denied Plaintiff

[6] The Court's September 30, 2026 Opinion and Order defines "ADA Defendants" to include Bragg, Monaco, Del Pizzo, Silberg, Tierney, Arnow, Wynne, and Perlman.

access to his records under the Freedom of Information Law ("FOIL") "as part of the broader scheme to suppress the speech of a Black man exposing prosecutorial misconduct." *Id.* ¶ 227. To allege a claim of selective prosecution in violation of the Fourteenth Amendment, as enforced by Section 1983, a plaintiff must allege "(1) [that] the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004) (quoting *Lisa's Party City, Inc. v. Town of Henrietta*, 185 F.3d 12, 16 (2d Cir. 1999)). As the Court stated in its September 30, 2026 Opinion and Order, a plaintiff alleging that he was arrested in retaliation for protected speech must plead the absence of probable cause for the arrest, except where he presents objective evidence that he was arrested when otherwise similarly situated individuals who were engaged in the same sort of protected speech were not prosecuted. Dkt. No. 162 at 29–30. It appears that Plaintiff's claim against McCabe for damages would be barred on the same grounds that Plaintiff's claim against Monaco was barred—Plaintiff has not alleged facts that would establish either the lack of probable cause or that he was prosecuted when others engaged in similar conduct were not. It further appears that the claims against Rosemarie Monaco, Seifullah, and Putnam are barred because they were not acting under color of state law. Count VI does not reference Bragg, the Judicial Defendants, or the AGC Defendants except in the parenthetical to the heading of the count. Plaintiff shall show cause why the claim should not be dismissed for that reason as well as for lack of standing to obtain prospective relief.

In Count VII, Plaintiff alleges that he was denied the right of access to the courts, including access to evidence and the legal materials necessary to prepare a defense and to pursue

post-conviction remedies, in violation of the First and Fourteenth Amendments. Dkt. No. 131 ¶¶ 233–43. Plaintiff alleges that: (1) the protective seal ordered by Judge Farber on July 30, 2021 prevented him from reviewing discovery in the absence of counsel; (2) the denial of his FOIL request prevented him from raising non-frivolous claims of perjury and fabrication; (3) prosecutors knowingly suppressed evidence of Putnam's perjury; and (4) "Seifullah and Putnam colluded with prosecutors by submitting manipulated petitions and filings designed to mislead courts and to keep exculpatory materials out of Plaintiff's reach." *Id.* ¶ 235.

Plaintiff's allegations that Seifullah and Putnam colluded with prosecutors appear to be foreclosed by the Court's ruling that Plaintiff did not state a claim for civil conspiracy in violation of § 1985, as against the Moving Defendants. Dkt. No. 162 at 50–54. Plaintiff shall show cause why the same rationale would not require dismissal of Plaintiff's access-to-the-courts claim against Seifullah and Putnam. Plaintiff's official capacity claim against the Judicial Defendants would appear to be precluded by the Court's ruling that Plaintiff does not have standing to obtain injunctive relief. Count VII also does not reference Bragg or the Judicial Defendants except in the parenthetical to the heading of the count. Plaintiff shall show cause why the claim should not be dismissed for that reason as well as for lack of standing to obtain prospective relief.

Plaintiff's allegations against McCabe for damages are not directly addressed in the Court's Order but they appear to be meritless as a matter of well-settled law. The Constitution does not guarantee "an abstract, freestanding right" to documents but rather "the (already well-established) right of *access to the courts*." *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996). To state a constitutional claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct (1) "was deliberate and malicious," and (2) "resulted in actual injury

to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions." *Mercer v. N.Y.C. Hous. Auth.*, 2022 WL 94866, at *3 (S.D.N.Y. Jan. 8, 2022) (citing *Harbury*, 536 U.S. at 415). The actual-injury requirement is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The plaintiff must have "effectively lost" or been "severely hampered" in filing a lawsuit. *See Ponterio v. Kaye*, 2007 WL 141053, at *9 (S.D.N.Y. Jan. 22, 2007). Although a plaintiff may pursue a "forward-looking claim" for denial of the right of access to the courts, the Second Circuit has explicitly declined to endorse the viability of a "backward-looking" access claim where the plaintiff claims that "official action 'caused the loss or inadequate settlement of a meritorious case.'" *Sousa v. Marquez*, 702 F.3d 124, 127–28 (2d Cir. 2012) (quoting *Harbury*, 536 U.S. at 414). The Circuit also has held in a summary order that, even assuming that a backward-looking claim could lie in some circumstances, such claims are unripe when the plaintiff "is actively litigating the state law claims underlying her access claim." *Kern v. Contento*, 2022 WL 1112767, at *3 (2d Cir. Apr. 14, 2022) (summary order). Moreover, a mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151–52 (2d Cir. 1986)). The plaintiff must show that the defendant's behavior "materially prejudiced a legal action he sought to pursue." *Smith v. O'Connor*, 901 F. Supp. 644, 649 (S.D.N.Y. 1995) (Sotomayor, J.). Nor are emotional distress and humiliation "the type of actual injury that give rise to a constitutional claim of denial of

access to the courts." *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997).

Plaintiff does not appear to allege facts to support that McCabe's denial of his FOIL requests was "deliberate and malicious." *Davis*, 320 F.3d at 351. The RSAC states that Plaintiff's FOIL requests were denied based on the protective seal. *See* Dkt. No. 131 ¶ 131; Dkt. No. 126-3 at 38–40.[7] Moreover, there is no substantive due process right to post-conviction evidence, *see Dist. Att'y's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 69, 72–73 (2009), and Plaintiff has not alleged that the state-created procedures available for securing the documents he sought through FOIL "are so fundamentally inadequate as to be unconstitutional." *McCollough v. Hale*, 2015 WL 7281643, at *4 (E.D.N.Y. Nov. 17, 2015). To the contrary, courts have held that "FOIL's procedures appear to 'provide an adequate means of protecting [a] [defendant's] interests, including access to judicial review in state Supreme Court in the event of an adverse administrative determination.'" *Id.* (quoting *McLean v. Brown*, 2010 WL 2609341, at *7 (E.D.N.Y. June 25, 2010)). Nor does it appear that Plaintiff has identified any nonfrivolous underlying legal claim that the denial of his FOIL requests frustrated beyond those the Court already dismissed in its September 30, 2026 Opinion and Order. There, the Court held that absolute immunity would apply despite allegations of knowing use of perjured testimony, Dkt. No. 162 at 23 (citing *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005)), and that Plaintiff had not sufficiently pled a due process violation for fabrication of evidence at least with respect to Plaintiff's social media posts cited in his 2021 felony arrest warrant, *id.* at 34–35. The same rationale would appear to require dismissal of his access-to-the-courts claim against the Remaining Defendants. Furthermore, even assuming that a backward-looking claim could be

[7] Citations to this docket entry use ECF pagination.

brought, Plaintiff's claim appears to be unripe.[8]

Plaintiff also shall show cause why the same principles would not also defeat his claim based on the protective seal that required him to view evidence only in the presence of counsel. Plaintiff does not appear to allege any actual injury he suffered from having to review documents in the presence of his own lawyer. He alleges in conclusory fashion that he was "functionally hindered in review of the very evidence on which the prosecution's case rests," Dkt. No. 131 ¶ 185, but if the injury he suffered was his conviction and as a result of counsel's ineffective assistance, his remedy lies in a claim for ineffective assistance of counsel and not in a freestanding claim of denial of the right of access. Moreover, the RSAC acknowledges that "CPL § 245.70(5) permits *pro se* defendants to request modifications of the order upon showing good cause," and that Plaintiff availed himself of that process. *Id.* ¶¶ 121–24. Plaintiff also had available to him another state-created avenue to obtain the discovery he sought. New York courts in their discretion may grant CPL § 440.10 fact-finding hearings. *See* CPL § 440.30(5), (6). In those circumstances, where a government agency or other third party possesses specific, identifiable records that the defendant does not have, they may petition the court through counsel for a subpoena duces tecum under CPL § 610.20(3) to obtain that evidence. Plaintiff knows the documents that were covered by the protective seal; he had access to them. If Plaintiff is unable to show to the satisfaction of the state court "that the testimony or evidence sought is reasonably

---

[8] The Court is also aware of recent developments in Plaintiff's state court proceedings which Plaintiff provided in a letter dated September 21, 2026. Dkt. No. 161. In the letter, Plaintiff represents that the New York County Supreme Court denied his CPL § 440.10 motion to vacate his conviction on August 11, 2026. *Id.* at 1. However, Plaintiff also represents that he had filed an amended application in April 2026 "[a]fter obtaining meaningful access to additional evidence," *id.*, and that he has multiple pending applications and proceedings, including motions for reargument and renewal concerning discovery completeness, a CPL § 460.15 application for leave to appeal, and an Article 78 proceeding concerning evidence access, *id.* at 5. It thus appears that any right of access claim also remains unripe.

likely to be relevant and material to the proceedings, and the subpoena is not overbroad or unreasonably burdensome," he may not be able to get discovery in the § 440.10 proceeding. CPL § 610.20(4); *see also People v. Dirschberger*, 216 N.Y.S.3d 776, 779–80 (3d Dep't 2024) (holding that absent evidence that records were favorable to defendant and material in their own right, trial court acted within its discretion in denying defendant's motion to vacate judgment without a hearing, and that trial court was not required to disclose records to enable a fishing expedition searching for some means of attacking the victim's credibility), *leave to appeal denied*, 252 N.E.3d 512 (N.Y. 2025). But in that circumstance, he would also not be able to get relief from this Court.[9] Accordingly, Plaintiff shall show cause why Count VII should not also be dismissed for failure to demonstrate that the protective seal resulted in an actual injury giving rise to a ripe constitutional claim of denial of access to the courts.

Count VIII alleges a stigma-plus claim. Dkt. No. 131 ¶¶ 244–50. The Court rejected

[9] Indeed, Plaintiff's allegation, carried to its logical limit, would prevent a court from issuing a protective order in a criminal case. But it is well settled that Federal Rule of Criminal Procedure 16(d) permits courts to, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d); *see also In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 122 (2d Cir. 2008) (noting that Rule 16(d) grants district courts the discretion to establish conditions "under which the defense may obtain access to discoverable information"); *United States v. Smith*, 985 F. Supp. 2d 506, 522 (S.D.N.Y. 2013) (applying Rule 16(d) to a request for a protective order and collecting cases). While a defendant has a Sixth Amendment right to consult with counsel in the preparation of his defense, courts will balance the potential harm that dissemination of the materials at issue would pose against any prejudice that entry of a protective order would impose on the defendant. *Smith*, 985 F. Supp. 2d at 523; *see, e.g.*, *United States v. Palmer*, 2011 WL 672412, at *1 (S.D.N.Y. Feb. 14, 2011) (granting government's request for protective order limiting defendant's access to materials to mitigate safety concerns for witnesses identified in materials, and holding that defendant would not be prejudiced by entry of protective order because defendant would "still have meaningful access to the material; for example, he can review it in the presence of his defense attorney"); *United States v. Moore*, 322 F. App'x 78, 83 (2d Cir. 2009) (summary order) (finding reasonable a protective order that prevented defendant from possessing copies of discovery material in his jail cell without defense counsel present in light of concerns over witness intimidation).

Plaintiff's stigma-plus claim against the Moving Defendants on three different grounds. One of those grounds was that Plaintiff failed to show that his liberty was deprived without due process of law. Dkt. No. 162 at 41. The Court noted that Plaintiff did not allege that he was denied notice, a hearing, or any other process before his bar license was suspended. *Id.* The documents incorporated into the RSAC by reference indicated that the Appellate Division, First Department "appointed a Referee to conduct a sanction hearing," at which Plaintiff testified and produced documentary evidence, and that Plaintiff made and was granted "numerous requests for adjournments to make a post-hearing submission which, in the end, he failed to submit." *Matter of Perry*, 236 N.Y.S.3d 57, 58–60 (1st Dep't 2025), *appeal dismissed*, *leave to appeal denied*, 273 N.E.3d 920 (N.Y. 2025). This Court concluded that the availability of such process defeated Plaintiff's stigma-plus claim. Dkt. No. 162 at 41. Plaintiff shall show cause why the same reasoning would not also apply to the allegations in Count VIII with respect to the Remaining Defendants.

As noted, the Court dismissed Count IX, alleging a claim for civil conspiracy in violation of § 1985, as against the Moving Defendants, for failure to allege facts that supported the existence of a conspiracy. Dkt. No. 162 at 50–54. Plaintiff shall show cause why the same rationale would not require dismissal against the Remaining Defendants.

Plaintiff also shall show cause why his non-federal and New York State claims (Counts XI through XVIII) should not be dismissed without prejudice for failure, with respect to the defendants who are government employees, to file a Notice of Claim and, with respect to all defendants, for lack of supplemental jurisdiction.

Plaintiff shall respond to this Court to show cause within three weeks of the date of this Order or, in other words, by October 29, 2026. In the absence of a timely-filed response, and for

substantially the reasons set forth in this Order, the Court will dismiss Plaintiff's remaining federal claims for damages with prejudice, as well as his remaining federal claims for prospective relief and all of his state-law claims without prejudice, and will enter final judgment.

SO ORDERED.

Dated: October 8, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge